UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID L. ELMORE, et al.,<br><br>　　　　　Defendants. | CASE NO. C05-810JLR<br><br>ORDER |

This matter comes before the court on Defendant David Elmore's motion for a temporary restraining order ("TRO") or preliminary injunction. (Dkt. # 2). The court has reviewed Defendant's motion and supporting evidence, and has reviewed the Government's responsive papers. Neither party has requested oral argument. For the reasons stated below, the court DENIES Defendant's motion.

Defendant Elmore has unpaid federal income tax assessments and statutory penalties totaling more than $500,000. As part of its effort to seize assets to satisfy the unpaid assessments, the Government brought this action to establish its right to reduce those assessments to a judgment against a property in Kent, Washington ("Kent Property"). Although Defendant Elmore is not the owner of record of the Kent Property, the Government seeks to establish that he is the actual owner.

ORDER – 1

The Kent Property, however, is not the subject of Defendant Elmore's motion for a TRO or preliminary injunction. His motion focuses instead on an unimproved parcel of property in Renton, Washington ("Renton Property"). Because Defendant Elmore is clearly the owner of record of the Renton Property, the Government has levied unpaid tax assessments against that property, has seized it, and intends to sell it at auction on May 25, 2005, all pursuant to its levy and distraint authorization under 26 U.S.C. § 6331. See United States v. Rodgers, 461 U.S. 677, 682-83 (1983) (noting that administrative levy procedures under § 6331 require no judicial intervention). Defendant Elmore seeks injunctive relief to stop the sale.

Although the Renton Property is not part of this action, the court has considered Defendant Elmore's motion in order to ensure that there is no manifest injustice in the seizure and sale.[1] Having reviewed the Government's response to the motion, the court finds that it is without authority to enjoin the sale of the Renton Property.

To begin with, the court notes that the evidence the Government has provided to the court demonstrates that it has complied with all statutory formalities necessary to seize and sell the Renton Property. It properly issued the underlying tax assessments and provided Defendant Elmore with notice of its intent to levy on the property. See 26 U.S.C. § 6330. It has followed procedures for levy and distraint of the property. See 26 U.S.C. § 6331. Moreover, the evidence shows that Defendant Elmore has not taken advantage of his opportunity to contest the assessments and the levy on the Renton Property.

---

[1] In ordering the Government to respond to Defendant Elmore's motion, the court noted that Defendant Elmore is proceeding pro se in this matter, and thus agreed to "consider his motion, for the time being, as part of a counterclaim addressing the Renton Property." (Dkt. # 4).

ORDER – 2

Under these circumstances, even if the Renton Property was the subject of this action, the court would be without authority to enjoin its sale. The Anti-Injunction Act (26 U.S.C. § 7421) prevents a court from enjoining a tax collection proceeding except under narrow circumstances not applicable here.

The court therefore declines to enjoin the sale of the Renton Property. As the court is now convinced that there is no manifest injustice in the planned sale of the property, the court will not further consider any dispute over Renton Property unless it is properly made part of this action, or is otherwise properly brought before the court.

For these reasons, the court DENIES Defendant Elmore's motion for a TRO or preliminary injunction (Dkt. # 2).

Dated this 18th day of May, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 3