UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                    Plaintiff,

        v.                                            CASE NO. C05-810JLR

DAVID L. ELMORE, et al.,                              ORDER

                    Defendants.

## I.    INTRODUCTION

This matter comes before the court on a motion for summary judgment from the Government (Dkt. # 30).  Neither party has requested oral argument, and the court finds the motion suitable for disposition on the basis of the parties' briefs and supporting documents.  For the reasons stated below, the court GRANTS the Government's motion in part and DENIES it in part.

## II.    BACKGROUND

Defendant David Elmore allegedly underpaid (or failed to pay) federal income tax between 1987 and 1993.  According to the Government, his tax liability over those years, including statutory penalties, is more than $250,000.  With statutory interest through the end of 2005, Mr. Elmore allegedly owes more than $500,000.

ORDER – 1

In this motion, the Government seeks to reduce its outstanding tax assessments to judgment. It also seeks to foreclose upon tax liens against a parcel of real property at 413 Prospect Avenue North in Kent, Washington (the "Kent Property"). The court now turns to each of the Government's requests separately.

## III.   ANALYSIS

Before addressing the motion before the court, the court acknowledges that Mr. Elmore is proceeding in this action without an attorney.[1] For that reason, the court has construed his pleadings liberally. Mr. Elmore's status as a pro se party, however, does not permit the court to overlook applicable law.

In examining the Government's summary judgment motion, the court must draw all inferences from the evidence in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the opposing party must show that there is a genuine issue of fact. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). For purely legal questions, summary judgment is appropriate without deference to the non-moving party.

---

[1]Mr. Elmore has postured himself as a "Belligerent Claimant" in opposing the instant motion. On occasion, Mr. Elmore has made good on his self-appointed title by inserting belligerent commentary impugning counsel for the United States as well as this court. The court has ignored those comments. It cautions Mr. Elmore that his belligerence is neither required, nor helpful to his cause.

ORDER – 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**A.      The United States Has Seven Valid Tax Assessments Against Mr. Elmore.**

The Government has submitted verified copies of a "Form 4340" for each of the tax years 1987-1993.  For each tax year, the Form 4340 indicates the Government's assessment of Mr. Elmore's taxable income, the tax assessed, as well as penalties for late filing, failure to make estimated tax payments, and negligence.  Each Form 4340 also provides entries documenting steps in the Government's tax collection process.

In the ordinary case, Form 4340 provides "presumptive evidence" of the valid *assessment* of tax.  Huff v. United States, 10 F.3d 1440, 1445 (9th Cir. 1993); see also Hughes v. United States, 953 F.2d 531, 535 (9th Cir. 1992).  The court emphasizes the word "assessment" because it is critical to unraveling the procedural posture of the Government's case against Mr. Elmore.  Before considering whether the Government's Forms 4340 are sufficient evidence to sustain summary judgment against Mr. Elmore, the court turns to an explanation of the process leading up to the assessment of tax.[2]

When the Government believes that a taxpayer has underpaid his income tax, it may determine the amount of underpayment and assess a "deficiency" under 26 U.S.C. § 6212(a).  The Government must then provide notice of the deficiency to the taxpayer.  This notice gives the taxpayer who wishes to contest the deficiency only two options.

---

[2]The court notes that an explanation of the process of assessing and collecting Mr. Elmore's alleged liability is largely missing from the Government's complaint and the instant motion.  In this action, the Government proposes to obtain a judgment of more than $500,000 and to seize Mr. Elmore's property.  To do so without the courtesy of an explanation shows a disregard for the taxpayer.  The Internal Revenue Code imposes obligations on taxpayers that are straightforward (for example, the notoriously inevitable obligation to pay tax), but also imposes byzantine obligations that are, at times, a challenge even for this court to interpret, a challenge that can only be greater for a taxpayer like Mr. Elmore, who is untrained in the law.  In opposing this motion, Mr. Elmore leaves no doubt that he misunderstands many aspects of the Government's claims.  The Government, in a decision that technically complies with the law but greatly disappoints the court, did not bother to reply to Mr. Elmore's submission.

ORDER – 3

The first option is to pay the deficiency, file for a refund with the IRS, and then sue in federal court if the IRS declines to issue a refund.  <u>Roat v. Commissioner</u>, 847 F.2d 1379, 1383-84 (9th Cir. 1988) (citing 26 U.S.C. § 1346).  The second option is to, within 90 days (or 150 days for a taxpayer residing outside the country), file a petition in the United States Tax Court to contest the deficiency.  26 U.S.C. § 6213.

Mr. Elmore did not take advantage of either option in this case.  Each Form 4340 indicates that the Government sent Mr. Elmore a notice of deficiency.  He did not pay the deficiencies and sue for a refund, and that option is no longer available to him, as the statute of limitations has expired.  <u>See</u> 26 U.S.C. § 6511(a).  He also did not file a petition in the Tax Court to contest the deficiency.

Once the time period in which Mr. Elmore could have disputed the deficiency expired, the Government was entitled to enter an "assessment" of Mr. Elmore's tax liability under 26 U.S.C. §§ 6201-03, 6213.  As each Form 4340 indicates, the Government assessed liabilities against Mr. Elmore in 1995 for each year from 1987 through 1993.

The preceding discussion provides the background for a critical legal distinction: Mr. Elmore has lost the opportunity to contest the *merits* of the Government's claims for tax liability.  The Government bases its claims on its unsubstantiated allegation that Mr. Elmore worked as a drywall installer during the tax years in question and did not report his income.  Using a method not apparent from the record, the Government estimated Mr. Elmore's income and determined a tax deficiency based on that estimate.  Mr. Elmore correctly notes that the Government has offered no evidence to prove any of these allegations.  The Government has not proven that he had any income during those tax years, much less the amount of his income.  He also asserts that the Government has refused to provide evidence when he requested it.  What Mr. Elmore does not appreciate,

ORDER – 4

however, is that in this proceeding, the Government does not have to prove that its assertion of a tax deficiency was justified. In order to contest the merits of the Government's claim of a tax deficiency, Mr. Elmore needed to take appropriate measures more than ten years ago. He did not, and it is too late to do so now.

Mr. Elmore's challenge is now limited to contesting the procedural validity of the Government's *assessments* against him. As the court has already noted, a Form 4340 is presumptive evidence of a procedurally valid assessment. The procedure for entering an assessment is set forth at 26 C.F.R. § 301.6203-1. Although the regulation requires the Government to base an assessment on "supporting records," the assessment itself need not include those records. 26 C.F.R. § 301.6203-1. The assessment need only state the taxpayer's name and identifying information, the "character of the liability assessed, the taxable period, . . . and the amount of the assessment." Id. Even "if the taxpayer requests a copy of the record of assessment," he is entitled to no more than the "parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed." Id.

In this case, the Government has provided records of assessment (the Forms 4340) that provide all of the required information. Mr. Elmore therefore bears the burden of rebutting the presumption that the information is accurate. He has not done so. He claims that Linda Drake, the IRS officer who certified each Form 4340, does not have first-hand knowledge of the underlying information. This is no doubt true, but the Forms 4340 are business records of the IRS, and therefore Ms. Drake's certification is sufficient to bring them within the scope of the hearsay exception of Fed. R. Evid. 803(6) and Fed. R. Evid. 803(8). Hughes, 953 F.2d at 539-40. Mr. Elmore also contends that the documents violate his Sixth Amendment right to confront witnesses. The Sixth Amendment, however, applies only in criminal prosecutions. Finally, Mr. Elmore

ORDER – 5

contends that the Government has failed to provide copies of many of the forms underlying the assessments against him, including the "Form 23C" on which an assessment is principally based. As the court noted, however, the applicable regulation only requires the Government to provide a summary record of the assessment. See 26 C.F.R. § 301.6203-1; see also Hughes, 953 F.2d at 940 ("Forms [4340] are not merely a summary record of the proof, but are themselves proof that assessments were made"); see also Huff, 10 F.3d at 1446 (requiring that the Government provide the date of the 23C assessment, but not the 23C form itself). In Huff, the court declined to rule in the Government's favor because the Forms 4340 in that case did not include the date on which the Government made the 23C assessment. 10 F.3d at 1446 & n.5 (citing cases reaching similar results). By contrast, the Forms 4340 that the Government provided in this case provide a "23C date" for every assessment against Mr. Elmore.

The Government has presented presumptive proof of valid assessments against Mr. Elmore, and Mr. Elmore has not rebutted the presumption of validity. Mr. Elmore contends that there are "issues of material fact" that preclude summary judgment. The court finds that any "issues of fact" are immaterial here. Mr. Elmore has unsuccessfully argued that the Government failed to follow the law in issuing tax assessments against him. His arguments are premised on a misunderstanding of the law, not on facts that would undermine the procedural validity of the assessments. The court thus holds that the seven assessments against Mr. Elmore are valid. As the court will discuss at the conclusion of this order, the Government may obtain judgment on those assessments upon presenting a proper motion for judgment.

ORDER – 6

**B.    The Government Has Not Established that Foreclosure On Its Tax Liens is an Appropriate Remedy.**

The Government has endeavored to collect on its assessments against Mr. Elmore by, among other things, levying upon his Kent Property.[3]  On March 5, 1996, the Government recorded two tax liens on the Kent Property for the cumulative amount of the seven assessments against Mr. Elmore.  Under 26 U.S.C. § 6321, the assessments gave rise to a lien against "all property and rights to property, whether real or personal, belonging to" Mr. Elmore.  Under 26 U.S.C. § 7403, the Government has a cause of action in this court to foreclose upon its tax liens.

As an initial matter, the court notes that when the Government brought this action, there appeared to be two other parties with potential claims to the Kent Property, Stephen Hehr and Charon Gooding.  The Government has now resolved those claims.  Mr. Hehr has disclaimed any interest in the Kent Property and the court has accordingly dismissed him from this action (Dkt. ## 24, 26).  The Government has stipulated that Ms. Gooding has a secured interest in the Kent Property that is senior to any interest the Government might have.  On the basis of that stipulation, the court has dismissed Ms. Gooding as well (Dkt. ## 31, 32).  Mr. Elmore has not disputed Mr. Hehr's disclaimer of interest or Ms. Gooding's assertion of interest.

The Government's foreclosure request is not appropriate for summary judgment on the record before the court.  The Government's argument in favor of foreclosure amounts to an assertion that it has liens, that it has recorded liens, and now the court must order a sale of the Kent Property.  The Government does not establish that it timely notified Mr.

---

[3]The court notes that Mr. Elmore has again raised a dispute about the Government's seizure (and apparent sale) of his property in Renton, Washington.  As the court noted in its May 2005 order denying Mr. Elmore's motion for injunctive relief (Dkt. # 7), the Renton property is not before the court in this action.

ORDER – 7

Elmore of the liens, as 26 U.S.C. § 6320 requires.  Moreover, the Government has not acknowledged that foreclosure of a tax lien is not the Government's right, but rather a matter of the court's discretion.  See 26 U.S.C. § 7403(c) (noting that a court "*may* decree a sale of such property") (emphasis added); United States v. Rodgers, 461 U.S. 677, 708-09 (1983); United States v. Gibson, 817 F.2d 1406, 1407-08 (9th Cir. 1987).  Before the court exercises its discretion, the Government must provide adequate evidence that it has complied with statutory formalities, and that this is a case that warrants foreclosure as opposed to another remedy.  In short, the Government must provide more than two cursory paragraphs of briefing (Gov't Mot. at 6-7) and copies of two tax liens before the court will permit it to seize Mr. Elmore's property.

## IV.    CONCLUSION

For the reasons stated above, the court GRANTS the Government's motion for summary judgment (Dkt. # 30) to the extent that it seeks to establish the validity of its assessments against Mr. Elmore.[4]  The court also GRANTS the motion to the extent that it establishes the interests of Mr. Hehr and Ms. Gooding in the Kent Property.  The court DENIES the motion in all other respects.  The court's denial of the motion is without prejudice to the Government bringing another motion in support of its request for foreclosure.

Finally, the court notes that it will not enter a final judgment in this action until the Government discloses how much money it has recovered in its parallel collection proceedings against Mr. Elmore.  Mr. Elmore's briefing suggests that the Government has

---

[4]The court has not addressed the Government's claims for statutory interest on the assessments.  When the Government requests judgment, it must submit evidence of the amount of interest accrued to the date of the request, and support any computation with competent evidence.

ORDER – 8

already sold one of his properties.  Any judgment in this action will reflect an offset for proceeds the Government has netted from that sale, as well as any other successful collection efforts.

Dated this 2nd day of March, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 9