1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

            Plaintiff,

      v.

DAVID L. ELMORE, et al.,

            Defendants.

CASE NO. C05-810JLR

ORDER

## I.    INTRODUCTION

This matter comes before the court on two motions for summary judgment (Dkt. ## 42, 45).  Neither Defendant David Elmore nor the Government has requested oral argument, and the court finds the motions suitable for disposition on the basis of the parties' briefs and supporting documents.  For the reasons stated below, the court DENIES Mr. Elmore's motion (Dkt. # 42) and GRANTS the Government's motion (Dkt. # 45).

## II.    BACKGROUND

The instant motions come before the court in the wake of its March 2, 2006 order (Dkt. # 40) granting the Government's prior motion for summary judgment in part.  The court summarized the factual background and posture of this litigation in that order, and

ORDER – 1

thus need not repeat that summary here.   The court concluded that the Government had established valid tax assessments against Mr. Elmore, but that it had not established its right to foreclose on Mr. Elmore's property in Kent, Washington (the "Kent Property") based on liens arising from those assessments.

### III.   ANALYSIS

In examining these summary judgment motions, the court must draw all inferences from the evidence in the light most favorable to the non-moving party.  Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets its burden, the opposing party must show that there is a genuine issue of fact.  Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  The opposing party must present significant and probative evidence to support its claim or defense.  Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).  For purely legal questions, summary judgment is appropriate without deference to the non-moving party.

**A.    Does the Government Have Valid Liens Against Mr. Elmore?**

The court first must determine whether the Government has valid liens that attach to the Kent Property.  The Government presents uncontroverted evidence that it recorded tax liens against Mr. Elmore in winter 1996.  Latterell Decl. Exs. B-1, B-2.  Under 26 U.S.C. § 6321, these liens attached to "all property and rights to property, whether real or personal, belonging to" Mr. Elmore.  The Government, however, provides no evidence that it gave Mr. Elmore notice of the liens prior to this litigation.  IRS Officer Steve Baker declares that the "IRS sent, via certified mail, several notices of its federal tax lien filings

ORDER – 2

to Mr. Elmore, copies of which are attached as Exhibits 2 through 5." Baker Decl. ¶ 10.
Mr. Baker is wrong – the attached exhibits are not notices of tax liens, they are two
"Notices of Intent to Levy" (Exs. 2-3) and two follow-up letters on those notices (Exs. 4-
5). "Levy" is a procedure available to the Government to seize personal or real property
without court intervention. Here, the Government seeks to enforce its liens in this court,
a collection procedure different from levy. See United States v. Barbier, 896 F.2d 377,
379 (9th Cir. 1990) (discussing differences between tax collection via levy and lien).

Mr. Baker's misstatement[1] (which counsel for the Government repeats in its
briefing) disguises another problem. Both Notices of Intent to Levy included the
statement that "[w]e may file a Notice of Federal Tax Lien at any time to protect the
government's interest." Baker Decl. Exs. 3-4. Not only does this highlight that these
Notices are *not* notices of federal tax liens – it conveys the message that the Government
has not yet filed a federal tax lien. The Notices of Intent to Levy, however, were sent in
1998 and 1999 – at least two years after the Government recorded its liens.

The court thus has no evidence that the Government complied with its obligation
to give notice of filing its liens under 26 U.S.C. § 6320. As the Government notes,
however, Congress did not enact § 6320 until 1998, two years after it recorded the 1996
liens. The Government does not address what obligation it had before 1998 to give Mr.
Elmore notice of the liens against him. The Government does not address whether the
enactment of § 6320 imposed any obligations on it with respect to Mr. Elmore's property.

---

[1]Mr. Elmore accuses Mr. Baker and counsel for the Government of committing a fraud upon the court by misstating that the Notices of Intent to Levy were notices of tax liens. Under the circumstances, the court finds the misstatement to be further evidence of counsel for the Government's slipshod preparation of materials submitted to the court. The court does not condone such sloppiness, but it does not excuse the court from its obligation to review the merits of this action.

ORDER – 3

Finally, the Government does not address the consequences of its potentially misleading suggestion in its two Notices of Intent to Levy that it had not yet recorded liens.

Matters become more complicated when the court notes that despite the Government's assertion that the notice provisions of § 6320 are inapplicable to the liens against Mr. Elmore, the Government provided such notice to Mr. Elmore only a few months ago. Mr. Elmore presents a "Notice of Federal Tax Lien" that the Government sent to the Kent Property on March 14, 2006. Elmore Reply Decl. Ex. C. The Government makes no attempt to explain the Notice. The Notice refers to some, but not all, of the tax assessments that are the subject of this litigation. The Notice does not mention the liens that the Government recorded in 1996, even though the assessments listed in the Notice are the same ones memorialized in the 1996 lien.

Despite the disarray in the record, the court concludes that the liens the Government recorded in 1996 are valid against Mr. Elmore. The court's review of the Internal Revenue Code reveals that, prior to the enactment of 26 U.S.C. § 6320 in 1998, the Government had no obligation to notify a taxpayer when it recorded liens against him. Section 6320 applies only to "collections actions initiated after" January 19, 1999. See 26 U.S.C.A. § 6320 (noting in statutory history that "Section 3401(d) of Pub. L. 105-206" provided that § 6320 applies only to collections actions initiated 180 days after July 22, 1998 enactment). Under the broad definition of "collection action," it is clear that the Government initiated its collection action against Mr. Elmore before § 6320 became effective. See 26 C.F.R. § 301.7430-3(b). Thus, Mr. Elmore cannot invoke § 6320 to defeat the Government's 1996 liens against him.[2]

---

[2]Even if § 6320 applied, the court notes that the Government complied with the statute at least as to the unpaid taxes for the four tax years cited in the Notice of Federal Tax Lien it sent him in March 2006.

ORDER – 4

In addition, the court notes that the purpose of § 6320 is to provide a taxpayer with an opportunity to request a hearing to contest the Government's action. Although the Government did not specifically provide Mr. Elmore with an opportunity for a hearing on the liens against him (at least until March 2006), it provided him with an opportunity in both its 1998 and 1999 Notices of Intent to Levy. The 1999 Notice informed Mr. Elmore of his rights under 26 U.S.C. § 6330, which provides due process protections similar to those provided under § 6320. See 26 U.S.C. § 6320(b)(4) (directing that to "the extent practicable, a hearing under this section shall be held in conjunction with a hearing under section 6330"); 26 U.S.C. § 6320(c) (incorporating procedural protections of hearing under § 6330 into § 6320). Mr. Elmore did not take advantage of the opportunity to request a hearing in 1998 or 1999, nor has he taken advantage of his opportunity to request a hearing in conjunction with the March 2006 Notice of Federal Tax Lien.

For the reasons stated above, the court concludes that the liens the Government recorded in 1996 are valid against Mr. Elmore. The court must now determine whether those liens justify a sale of Mr. Elmore's Kent Property under 26 U.S.C. § 7403.

**B.     Should the Court Exercise Its Discretion to Order a Sale of the Kent Property?**

Under 26 U.S.C. § 7403(c), the court "may decree a sale" of property when the United States has a valid interest in it. Although the word "may" connotes that the court has discretion to order a sale, that discretion is limited. United States v. Rodgers, 461 U.S. 677, 709 (1983). The court may consider the effect of a judicial sale on third parties, and balance it against the "Government's interest in prompt and certain collection of delinquent taxes." Id. In a case like this one, however, where the Government has

ORDER – 5

resolved all third-party claims to the property,[3] the court cannot, absent extraordinary circumstances, refuse to order a judicial sale simply because it would impose a hardship on the taxpayer.  Id. ("We can think of virtually no circumstances, for example, in which it would be permissible to refuse to authorize a sale simply to protect the interests of the delinquent taxpayer himself or herself.").

The court finds no extraordinary circumstances that would lead it to decline to order a sale of Mr. Elmore's property.  The Government has provided evidence that it has no other means of recovering any of Mr. Elmore's unpaid tax liability other than foreclosing on his property.  Baker Decl. ¶ 11 (noting that Mr. Elmore has not paid income tax since 1994, reports no wages, and has no credit).  Mr. Elmore presents no evidence or authority that would justify preventing the Government from foreclosing on its liens.  Mr. Elmore argues that the Government has not met the prerequisites to a judicial sale under 26 U.S.C. § 7403, but he is mistaken.  The Government has provided him with notice and an opportunity to be heard, and the court has now fully adjudicated the merits of the Government's tax claim.  All that remains is for the Government to present a proper order for judicial sale, and to properly distribute the proceeds of the sale.

## IV.   CONCLUSION

For the reasons stated above, the court GRANTS the Government's motion for summary judgment (Dkt. # 45) and DENIES Mr. Elmore's motion[4] (Dkt. # 42).  The Government has established that Mr. Elmore owes more than $500,000 in unpaid taxes,

---

[3]As the court noted in its prior order, the Government has reached agreements with both Charon Gooding and Stephen Hehr regarding their potential interests in the Kent Property.

[4]The court notes that a substantial portion of Mr. Elmore's motion is dedicated to rearguing his position with respect to the Government's assessment of tax.  The court disposed of those arguments in its prior order, and denied Mr. Elmore's motion to reconsider that order.  The court therefore has not revisited Mr. Elmore's arguments in this order.

ORDER – 6

1   penalties and interest, and has established a valid lien against the Kent Property,

2   subordinate to the interest of Charon Gooding.

3          The Government may enforce its liens against the Kent Property through a judicial

4   sale.  Within 15 days of this order, the Government shall submit a proposed judgment

5   reflecting an accurate tabulation of Mr. Elmore's liability up to the date of the proposed

6   judgment, minus the proceeds from the sale of Mr. Elmore's property in Renton,

7   Washington.  The Government shall have 30 days from the entry of judgment to submit a

8   proposed order for judicial sale of the Kent Property.  The court orders the Government

9   to accompany each submission of a proposed order or judgment with a clear and cogent

10  explanation of its basis.

11         As there are no issues remaining for trial, the court STRIKES the June 27, 2006

12  trial date and all other pending pretrial dates.

13         Dated this 2nd day of June, 2006.

14

15

16

17         _____

18         JAMES L. ROBART
           United States District Judge
19

20

21

22

23

24

25

26

27

28

ORDER – 7